IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MEBA PENSION TRUST – DEFINED** | * | |
| **BENEFIT PLAN, et al.,** | * | |
| | * | |
| v. | * | Civil Action No. CCB-20-2157 |
| | * | |
| | * | |
| **LIBERTY MARITIME CORP.** | * | |

\*\*\*\*\*\*\*\*
## MEMORANDUM & ORDER

Before the court in this action under ERISA is the plaintiffs' motion to stay proceedings (ECF 32) pending a decision from the U.S. District Court for the District of Columbia on cross-motions for summary judgment in a related case, *District No. 1, Pacific Coast District, Marine Engineers' Beneficial Association, AFL-CIO v. Liberty Maritime Corporation*, Case No. 1:17-cv-02173-ABJ. Having considered the motion, and the opposition and reply thereto, the court will grant the motion.

In this matter, the plaintiffs seek to collect allegedly delinquent contributions from the defendant for work performed on a vessel known as the Liberty Peace. The parties agree that whether these contributions were due to the plaintiffs is a function of whether a collective bargaining agreement ("CBA") between the intervenor District No. 1, Pacific Coast District, Marine Engingeers Beneficial Association, AFL-CIO ("the Union") and the defendant covers the Liberty Peace. (*See* ECF 32-1, Pl. Mem. at 2; ECF 35, Def. Opp. at 3). The Union and the defendant are litigating that issue before the District Court for the District of Columbia, with the Union arguing that the issue must be submitted to arbitration and the defendant arguing that the issue may be decided by the district court. Cross motions for summary judgment have been briefed before the D.C. district court and remain pending. *See* ECF Nos. 30, 32, *District No. 1, Pacific Coast*

1

*District, Marine Engineers' Beneficial Association, AFL-CIO v. Liberty Maritime Corporation*, Case No. 1:17-cv-02173-ABJ (D.D.C. 2020).

In considering whether the court should exercise its inherent authority to stay a proceeding, three factors are relevant: (1) whether the stay will promote judicial economy, measured by whether a stay would simplify or complicate the issues in the case; (2) the hardship to the moving party if the case is not stayed; and (3) the potential prejudice to the non-moving party if the stay is granted. *See Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 730–31 (D. Md. 2018). The court considers each factor in turn.

First, the court finds a stay will simplify the issues in this case and thus promote judicial economy. The plaintiffs' statutory claims, by all accounts, arise out of substantially the same facts presented to the D.C. district court as a matter the Union asserts must be arbitrated. Should that court determine that the coverage of the CBA must be submitted to arbitration, this court would not be permitted to determine the merits of the same claim. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). And to proceed to construe the CBA before the D.C. district court has determined the arbitrability question, as the defendant argues the court should do, would risk complicating this matter by creating the possibility that the court's construction of the CBA could conflict either with the arbitrator's eventual construction if the matter is arbitrated or with the D.C. district court if it is not.

Second, proceeding without a stay does not appear to pose significant hardship to the plaintiffs. The plaintiffs argue that because they are not direct parties to the CBA, they are at a disadvantage in terms of available evidence and knowledge of the parties' intent compared to the Union and the defendant if they were required to litigate the coverage of the CBA. (ECF 32-1 at

2

9). Now that this court has granted the Union's motion to intervene in this case (ECF 39), it is not apparent that any disadvantage remains.

Third, the defendant has argued that a stay will prejudice it because ERISA provides for an award of interest on unpaid contributions that run from the date contributions were due and not paid. *See* 29 U.S.C. § 1132(g)(2). Thus, the longer this matter proceeds, the greater the interest owing on any unpaid contributions. The defendant understandably objects to the accrual of this interest during a delay it is not seeking. But the plaintiffs have agreed to freeze the accrual of interest under § 1132(g)(2) for the duration of the stay. The court agrees with this approach, and notes that other courts have similarly suspended the running of interest in ERISA cases during periods of delay which a defendant could not avoid. *See, e.g.*, *Malden Mills Indus., Inc. v. ILGWU Nat. Ret. Fund*, 780 F. Supp. 68, 71–72 (D. Mass. 1991). Thus, because the stay of interest will mitigate any financial burden on the defendant associated with the stay, a stay of the case will not prejudice the defendant.

Considering these factors together, the court finds that a stay is warranted, as a stay will prejudice neither party and will simplify the issues in the case. Accordingly, it is hereby ORDERED that:

1. The plaintiff's motion to stay (ECF 32) is GRANTED;
2. The case will remain STAYED and Administratively Closed until the U.S. District Court for the District of Columbia issues a ruling on the pending cross-motions for summary judgment in Case No. 1:17-cv-02173-ABJ, or until the stay is lifted for other good cause shown;
3. Interest under 29 U.S.C. § 1132 will not accrue for the duration of the stay; and

4. Counsel shall notify the court when the D.C. district court reaches a decision on the cross-motions for summary judgment, or shall file a status report on October 22, 2021, if a decision has not yet been reached.

| | |
|---|---|
| __4/21/2021__ <br> Date | _____/S/_____ <br> Catherine C. Blake <br> United States District Judge |